IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

CASE NO. 22-12432-JJ

---

HERMAN FLEMING,

Appellant,

VS.

UNITED STATES OF AMERICA,

Appellee.

---

APPEAL OF A CRIMINAL CONVICTION FROM THE

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

D.C. NO. 2:21-CR-00081-TPB-NPM-1

---

INITIAL BRIEF OF APPELLANT FILED PURSUANT TO *ANDERS V. CALIFORNIA,* 386 U.S. 738, 87 S.Ct.1396(1967)

---

Landon P. Miller, Esq.
Attorney for Appellant
2335 Stanford Court
Suite 502
Naples, Florida 34112
(239) 774-4100

*United States of America v. Herman Fleming*                    Case No.: 22-12432-G

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

No publicly traded company or corporation has an interest in the outcome of this appeal. The persons and entities listed below have an interest in the outcome of this case:

1. Badalamenti, Hon. John L., United States District Judge;

2. Barber, Hon. Thomas P., United States District Judge;

3. Corrigan, Hon. Timothy J., United States District Judge;

4. Fleming, Herman, Defendant-Appellant;

5. Handberg, Roger B., United States Attorney;

6. Hoppmann, Karin, former Acting United States Attorney;

7. Leeman, Michael V., Assistant United States Attorney;

8. McCoy, Hon. Mac R., United States Magistrate Judge;

9. Miller, Landon P., Esq.;

10. Mizell, Hon. Nicholas P., United States Magistrate Judge;

11. Molloy, Douglas, Esq.;

12. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

13. Siekkinen, Sean, Assistant United States Attorney; and

14. Vitale, Nico J., Esq.

*United States of America v. Herman Fleming*    Case No.: 22-12432-G

No Publicly traded company or corporation has an interest in the outcome of this appeal.

Respectfully submitted,

/S/ Landon P. Miller, Esq.
Florida Bar No. 0032778
Mangone & Miller Law Offices
2335 Stanford Court, Suite 502
Naples, FL 34112-4843
239-774-4100
Counsel for Herman Fleming

## STATEMENT REGARDING ORAL ARGUMENT

Counsel files this brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and is filing a motion to withdraw herewith. Counsel therefore does not request oral argument and takes no position with respect to whether oral argument is appropriate in this case.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ......................................................... **C1**

Statement Regarding Oral Argument ................................................... **i**

Table of Contents ................................................................................. **ii**

Table of Citations ................................................................................ **iii**

Statement of Subject Matter and Appellate Jurisdiction .................... **iv**

Statement of Arguable Issues .............................................................. **1**

Statement of the Case

     a.    Course of the Proceedings and Disposition in the Court Below ........... **2**

     b.    Pertinent Facts of the Change of Plea Hearing ........................... **4**

     c.    Pertinent Facts of the Sentencing Hearing .................................. **5**

Standards of Review ............................................................................ **6**

Summary of the Argument ................................................................... **7**

Potential Argument and Citations of Authority

     I.    Whether the plea was knowing and voluntary? .......................... **9**

     II.   Whether the sentence exceeds the applicable guidelines range as determined by the sentencing court? .......................... **11**

     III.  Whether the sentence exceeds the statutory maximum penalty? ................................................................................. **12**

     IV.  Whether the sentence violates the Eighth Amendment to the United States Constitution? ............................................... **13**

Conclusion ........................................................................................... **15**

Certificate of Compliance .................................................................... **16**

Certificate of Service ........................................................................... **16**

## TABLE OF CITATIONS

**Cases**                                                                                                   **Pages**

*Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967) ........................ *passim*

*Gall v. United States*, 552 U.S. 38 (2007) ........................................................... 7, 11

*Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988) ............................................... 7

*United States v. Blackwell*, 767 F.2d 1486 (11th Cir. 1985) ............................. 7, 8

*United States v. Brown*, 117 F.3d 471 (11th Cir.1997) ........................................ 10

*United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993) ..................................... 6

*United States v. Edwards*, 822 F.2d 1012 (11th Cir. 1987) ................................... 8

*United States v. Frye*, 402 F.3d 1123 (11th Cir. 2005) ...................................... 6, 9

*United States v. Gholston*, 932 F.2d 904 (11th Cir. 1991) ..................................... 8

*United States v. Hernandez–Fraire*, 208 F.3d 945 (11th Cir. 2000) .................... 10

*United States v. Johnson*, 603 Fed. Appx. 867 (11th Cir. 2015) .......................... 10

*United States v. McDaniel*, 338 F.3d 1287 (11th Cir. 2003) ............................. 7, 12

*United States v. Medlock*, 12 F.3d 185 (11th Cir. 1994) ...................................... 11

*United States v. Raad*, 406 F.3d 1322 (11th Cir. 2005) .............................. 7, 13, 14

*United States v. Roosevelt Coats*, 8 F.4th 1228 (11th Cir. 2021) ....................... 11

*United States v. Touizer*, 808 F. App'x 954 (11th Cir. 2020) .............................. 11

Statutes and Rules

    18 U.S.C. § 922 ..................................................................................... 2, 12

18 U.S.C. § 924 ............................................................................. 2, 12

18 U.S.C. § 3231 ............................................................................ v

18 U.S.C. § 3742 ............................................................................ v

21 U.S.C. § 841 ............................................................................. 2, 12

28 U.S.C. § 1291 ............................................................................ v

28 U.S.C. § 1294 ............................................................................ v

### STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is the direct appeal from a final criminal judgment in the United States District Court for the Middle District of Florida, Fort Myers Division, entered on July 25, 2022. (Doc. 58). The district court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231. Mr. Fleming timely filed his Notice of Appeal on July 26, 2022. (Doc. 60). This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. §§ 1291 and 1294.

## STATEMENT OF ARGUABLE ISSUES

i.   Whether the plea was knowingly and voluntarily entered?

ii.  Whether the sentence exceeds the applicable guidelines range as determined by the sentencing court?

iii. Whether the sentence exceeds the statutory maximum penalty?

iv.  Whether the sentence violates the Eighth Amendment to the United States Constitution?

## STATEMENT OF THE CASE

**a.    Course of the Proceedings and Disposition in the Court Below**

On March 3, 2022, Mr. Fleming entered into a plea agreement with the Government. (Doc. 35).

Pursuant to the agreement, Mr. Fleming pled guilty to Counts 1 through 3, possession of a firearm by a convicted felon contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute methamphetamine, and possession with intent to distribute fentanyl, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (Doc. 35 at 1-2).

In exchange, the Government agreed to not file additional charges against Mr. Fleming related to the conduct at issue. (Doc. 35 at 3).

The agreement contained an appeal waiver. (Doc. 35 at 12-13).

The appeal waiver purports to waive "the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution …" (Doc. 35 at (12-13).

2

On March 10, 2022, Mr. Fleming pled guilty to Counts 1-3 pursuant to the agreement. (Doc. 66).

The initial Presentence Investigation Report calculated a Total Offense Level of 25 (after a three point reduction for acceptance of responsibility) and Criminal History Category VI, for an advisory range of 110 to 137 months. (Doc. 49 at 8, 12, and 20).

After the change of plea and before sentencing, Mr. Fleming's counsel withdrew, and undersigned counsel was appointed. (Doc. 52). (Doc. 53).

Sentencing counsel moved for a variance, arguing that Mr. Fleming's criminal history category of VI overrepresented his true criminal history, and for that reason, as well as Mr. Fleming's tumultuous childhood and years of addiction, a sentence of 70 months followed by supervised release would be sufficient to achieve the purposes of 18 U.S.C. § 3553. (Doc. 55 at 3-4).

The court sentenced Mr. Fleming to 120 months followed by 24 months on the violation. (Doc. 67 at 21).

This appeal followed. (Doc. 60). Mr. Fleming is currently incarcerated.

### b.    Pertinent Facts of the Change of Plea Hearing

During the change of plea hearing, the Magistrate Judge advised Mr. Fleming that the maximum sentence for Count 1 was ten years and the maximum for Counts 2 and 3 were 20 years each. (Doc. 66 at 6-7).

Mr. Fleming indicated that he understood. (Doc. 66 at 7).

The Magistrate Judge advised Mr. Fleming that the District Judge could impose a sentence greater or lesser than the guidelines, and Mr. Fleming indicated that he understood that as well. (Doc. 66 at 9).

Regarding the plea agreement, the Magistrate Judge asked Mr. Fleming, "On Page 12 of your plea agreement you have a waiver of your right to appeal the sentence other than the three limited exceptions that are set out on Pages 12 and 13. So do you understand that, other than those three exceptions, you're waiving your right to appeal the sentence?" (Doc. 66 at 9).

Mr. Fleming responded, "Yes, sir." (Doc. 66 at 9).

Mr. Fleming represented that he read and understood the plea agreement, discussed it with his attorney before signing it, no one threatened of forced him to enter into the agreement, and that no promises had been made to him that were not contained in the plea agreement, . (Doc. 66 at 5-6).

### c.    Pertinent Facts of the Sentencing Hearing

At the July 21, 2022, sentencing, counsel raised no factual objections. (Doc. 67 at 8). Consistent with the motion for a variance, counsel argued that the reason the criminal history category of VI overrepresents Mr. Fleming's actual criminal history is because Mr. Fleming arrived at that category after two state court misdemeanor arrests and two state court felony arrests, and no more. (Doc. 67 at 12).

Accordingly, counsel argued that a criminal history category of III would more accurately represent Mr. Fleming's true criminal history, and with Mr. Fleming's authorization, counsel requested 70 months. (Doc. 67 at 12).

As to the violation of supervision, counsel argued that the terms should run concurrent. (Doc. 67 at 13).

Mr. Fleming addressed the court and accepted responsibility, apologized, and noted that he had been released from prison in 2020, during COVID-19 lockdown. (Doc. 67 at 14). Mr. Fleming asked for the opportunity to get home to his family as soon as possible because his poor decisions were impacting their lives as well. (Doc. 67 at 14).

Mr. Fleming pointed out to the court that he does not have a violent criminal history, but due to circumstances was having to live in unsafe

conditions upon his release, and that he acquired the firearm at issue for safety reasons. (Doc. 67 at 16).

"And moving forward, Your Honor, I'm going back to North Carolina with my mom. I have a girlfriend. I was moving to North Carolina at the end of this month. So my plan is not to come back to Fort Myers … I just want to get out and, you know, get into a positive environment …" (Doc. 67 at 17).

The court agreed with counsel that Mr. Fleming has a drug problem and his criminal history "really isn't as bad as it sounds in terms of the federal sentencing guidelines," yet sentenced Mr. Fleming to 120 months followed by 24 months for the violation of supervision. (Doc. 67 at 21).

## STANDARDS OF REVIEW

A defendant may waive his statutory right to appeal. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). This Court will enforce the waiver if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id*. at 1351.

The voluntariness of a guilty plea is reviewed *de novo*. *United States v. Frye*, 402 F.3d 1123, 1126 (11th Cir. 2005).

The reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007).

This Court reviews pure questions of law *de novo*. *United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003).

This Court reviews an Eighth Amendment challenge to a sentence that was not raised in district court for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

## SUMMARY OF THE ARGUMENT

A frivolous appeal, according to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), is one without arguable merit. If, after a conscientious examination of the entire record on appeal, counsel concludes that an appeal would be frivolous, then counsel's duty is to prepare a brief that sets out any irregularities in the trial process or other potential error which, in the judgment of the client, another attorney, or the Court, might be arguably meritorious. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988); *United States v. Blackwell*, 767 F.2d 1486, 1487-88 (11th Cir. 1985). Upon the filing of an *Anders* brief, a reviewing court is required to conduct a full examination of the record to decide whether the case is wholly frivolous, and, only after that inquiry is complete, may it consider the appeal

on the merits. *See United States v. Gholston*, 932 F.2d 904, 904 (11th Cir. 1991).

Under *Anders*, should an attorney seek to withdraw, she must file a brief pointing the court to any argument which may arguably support an appeal. *United States v. Edwards*, 822 F.2d 1012, 1013 (11th Cir. 1987). Counsel must point the Court to argument the appellant could assert on appeal, give citation(s) to relevant authority, and isolate the pages in the record relevant to the potential issue(s). *Id.* at 1013.

"If the *Anders* procedure is to work... the lawyer filing the *Anders* brief must, to the extent possible, remain in his role as advocate; at this stage of proceeding it is not for the lawyer to act as an unbiased judge of the merit of particular grounds for appeal. He or she is required to set out *any* irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another counselor or the court, be arguably meritorious. This is done in order that these potential claims not be overlooked. The objective of these potential claims is for the court's determination, not the advocate's." *United States v. Blackwell*, 767 F.2d at 1487, *emphasis in original*.

The procedure outlined in *Anders* exists not to force appointed counsel to brief his case against his client "but to merely afford the latter that

advocacy which a nonindigent defendant is able to obtain… [and to] induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Anders v. California*, 386 U.S. at 745.

Here, after experienced and reasoned conscientious examination and diligent review of the entire record on appeal, undersigned counsel is unable to find any non-frivolous argument that could in good faith be presented on appeal. Consequently, counsel has not presented any argument, but rather has suggested possible issues a) that Mr. Fleming may be interested in presenting, b) for the Court's consideration, along with the relevant facts and law, consistent with both the letter and the spirit of the requirements set forth in *Anders* and its progeny.

## POTENTIAL ARGUMENT AND CITATIONS OF AUTHORITY

I.    **Whether Mr. Fleming's plea was knowing and voluntary?**

The voluntariness of a guilty plea is reviewed *de novo*. *United States v. Frye*, 402 F.3d at 1126. To determine that a guilty plea is knowing and voluntary the district court must establish that "(1) the guilty plea [is] free from coercion; (2) the defendant ... understand[s] the nature of the charges; and (3) the defendant ... know[s] and understand[s] the consequences of his guilty plea." *United States v. Frye*, 402 F.3d at 1127.

"A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense. *United States v. Brown*, 117 F.3d 471, 476 (11th Cir.1997) (citation and internal quotation marks omitted). In ensuring that a plea is knowing and voluntary in the constitutional sense, the district court has an obligation to establish that (1) the plea is free from coercion, (2) the defendant understands the nature of the charges, and (3) the defendant understands the consequences of his plea. *See United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir. 2000); *see also* Fed.R.Crim.P. 11(b)(2) ('Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).')." *United States v. Johnson*, 603 Fed. Appx. 867, 871–72 (11th Cir. 2015), *internal quotations omitted*.

Should Mr. Fleming choose to argue that his plea was not knowing and voluntary because he did not know he could be sentenced to 120 months on the new law violations followed by 24 months for the violation of supervised release, he likely will need to demonstrate that the sentencing court committed plain error affecting his substantial rights by not *sua sponte* invalidating his plea as being involuntarily made. *See United States v.*

*Roosevelt Coats*, 8 F.4th 1228, 1235 (11th Cir. 2021); *United States v. Touizer*, 808 F. App'x 954, 956 (11th Cir. 2020).

Further, he will need to overcome the strong presumption that the statements he made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

## II. Whether the sentence imposed exceeds the applicable guidelines range as determined by the sentencing court?

The reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007).

Mr. Fleming's unchallenged adjusted offense level was 25, his criminal history category VI: the guidelines range, then, was between 110-137 months. For factual reasons articulated by the sentencing court in imposing sentence, the court believed the sentence of 120 months to be reasonable in this case.

Should he elect to brief this issue, Mr. Fleming will need to overcome the sentencing court's reasoned sentencing decision and demonstrate to this Court that the sentencing court committed procedural error, and if unable to do so, will need to persuade this Court that the sentence was unreasonable, *i.e.*, the District Judge abused his discretion in determining that guidelines sentence was reasonable and the § 3553(a) factors did not necessitate a variance. *Gall v. United States*, 552 U.S. at 39.

11

Further, and likely more difficult, Mr. Fleming must do so notwithstanding the terms of the appeal waiver.

## III.    Whether the sentence imposed exceeds the statutory maximum penalty?

This Court reviews pure questions of law *de novo*. *United States v. McDaniel*, 338 F.3d at 1288.

Mr. Fleming pled guilty to Counts 1 through 3, possession of a firearm by a convicted felon contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute methamphetamine, and possession with intent to distribute fentanyl, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  (Doc. 35 at 1-2).

The maximum statutory penalty for a violation of Count 1 is 10 years. 18 U.S.C. § 924(a)(2).  The statutory maximum penalty for both Counts 2 and 3 is 20 years.  21 U.S.C. 841(b)(1)(c).

Mr. Fleming was sentenced to 120 months on the new law violation, and 24 months on the violation of supervision that resulted, an amount less than the 52 years he could have lawfully received (50 for the new law violations and two for the violation of supervision), and less than the 137 months possible at the top of the guidelines advisory range.

It is unclear how Mr. Fleming might want to approach this issue, should he choose to argue on appeal that the sentence imposed exceeds the statutory maximum penalty.

## IV. Whether the sentence violates the Eighth Amendment to the United States Constitution?

This Court reviews an Eighth Amendment challenge to a sentence that was not raised in district court for plain error. *United States v. Raad*, 406 F.3d at 1323.

When a defendant fails to object to an error before the district court, we review the argument for plain error. *United States v. Hall,* 314 F.3d 565, 566 (11th Cir.2002); *see also United States v. Olano,* 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Hall,* 314 F.3d at 566; *Olano,* 507 U.S. at 732, 113 S.Ct. 1770.

As this court has explained, "[i]n non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir.2000) (citing *United States v. Brant*, 62 F.3d 367, 368 (11th

Cir.1995) (relying on *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991))).  The Supreme Court has made it clear that, "[o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983) (emphasis in original).  This is so because we accord substantial deference to Congress, as it possesses "broad authority to determine 'the types and limits of punishments for crimes.' " *Id*.at 290, 103 S.Ct. 3001.

*United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

Should Mr. Fleming elect to raise an Eighth Amendment challenge to his sentence, he will need to show this Court plain error occurred and establish that the sentence imposed is grossly disproportionate to the offense committed.  If it is grossly disproportionate, this Court should then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *United States v. Raad*, 406 F.3d at 1324.

CONCLUSION

WHEREFORE, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.

Ct. 1396 (1967), the undersigned counsel requests that this Court grant him

permission to withdraw as counsel of record and asks that the Court afford

Mr. Fleming the opportunity, if he so desires, to supplement this appeal

raising any issues that he contends have merit.  Counsel certifies that on

April 20, 2023, he forwarded to Mr. Fleming a copy of this brief and a letter

advising him of his right to supplement this brief if he so chooses.

Respectfully submitted,

S/ Landon P. Miller, Esq.
Florida Bar No. 0032778
Mangone & Miller Law Offices
2335 Stanford Court, Suite 502
Naples, FL 34112-4843
239-774-4100
Counsel for Appellant Herman Fleming

CERTIFICATE OF NOTIFICATION PURSUANT TO 11TH CIR. R. 27-1(A)(8)

11TH CIR. R. 27-1(a)(8) provides, in part, "Counsel's brief in support

of a motion to withdraw under Anders must contain: (1) a certificate of service

indicating that the brief has been served on the party represented as well as on

the other parties to the appeal; and (2) a statement certifying that counsel has

informed the party represented that he or she has 30 days to file a response to

the motion to withdraw with the court."

Accordingly, counsel hereby certifies that he has informed Appellant Herman Fleming that he has 30 days to file a response to the motion to withdraw with the Court.

> S/ Landon P. Miller, Esq.
> Counsel for Appellant Herman Fleming

### CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), per Fed. R. App. P. 32(a)(7)(A), because this brief contains only 3,799 words total in Times New Roman 14 point proportional font inclusive of the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

> S/ Landon P. Miller, Esq.
> Counsel for Appellant Herman Fleming

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing was served on Assistant United States Attorney Sean Siekkinen via this Court's Electronic Case File System, and via U.S. Mail to Appellant Herman Fleming, Reg No. 69554-018, Beckley FCI, P.O. Box 350, Beaver, WV 25813, on this 20th day of April, 2023.

S/ Landon P. Miller, Esq.
Florida Bar No. 0032778
Mangone & Miller Law Offices
2335 Stanford Court, Suite 502
Naples, FL 34112-4843
239-774-4100
Counsel for Appellant Herman Fleming