IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

APPEAL NO. 22-12432-G

UNITED STATES OF AMERICA

Appellee,

v.

HERMAN FLEMING

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

INITIAL BRIEF OF APPELLANT

Landon P. Miller, Esq.
Florida Bar No. 0032778
Mangone & Miller Law Offices
2335 Stanford Court, Suite 502
Naples, FL 34112-4843
239-774-4100
Counsel for Appellant Herman Fleming

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

No publicly traded company or corporation has an interest in the outcome of this appeal. The persons and entities listed below have an interest in the outcome of this case:

1. Badalamenti, Hon. John L., United States District Judge;
2. Barber, Hon. Thomas P., United States District Judge;
3. Corrigan, Hon. Timothy J., United States District Judge;
4. Fleming, Herman, Defendant-Appellant;
5. Handberg, Roger B., United States Attorney;
6. Hoppmann, Karin, former Acting United States Attorney;
7. Leeman, Michael V., Assistant United States Attorney;
8. McCoy, Hon. Mac R., United States Magistrate Judge;
9. Miller, Landon P., Esq.;
10. Mizell, Hon. Nicholas P., United States Magistrate Judge;
11. Molloy, Douglas, Esq.;
12. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;
13. Siekkinen, Sean, Assistant United States Attorney; and

*United States of America v. Herman Fleming*  Case No.: 22-12432-G

14. Vitale, Nico J., Esq.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Fleming respectfully submits that the narrow technical nature of the issue on appeal can be resolved in his favor by this Court without oral argument, however counsel stands ready and willing to argue this matter should the Court determine that argument would be beneficial in rendering its decision.

# TABLE OF CONTENTS
Page

Certificate of Interested Persons ................................................................... C1

Statement Regarding Oral Argument ............................................................. i

Table of Contents ............................................................................................ ii

Table of Citations ........................................................................................... iii

Statement of Subject Matter and Appellate Jurisdiction ............................... iv

Statement of the Issue ..................................................................................... 1

Statement of the Case

    a. Course of the Proceedings and Disposition in the Court Below ...... 2

    b. Pertinent Facts of the Change of Plea Hearing ................................. 4

    c. Pertinent Facts of the Sentencing Hearing ........................................ 5

Standard of Review ......................................................................................... 7

Summary of the Argument .............................................................................. 7

Argument

    The district court erred by imposing conditions of supervised
    release not included in Mr. Fleming's oral sentence. ............................ 8

Conclusion ..................................................................................................... 11

Certificate of Compliance ............................................................................. 11

Certificate of Service .................................................................................... 12

# TABLE OF CITATIONS

**Cases**                                                                                       **Pages**

*United States v. Delgado*, 2023 WL 7104063 (11th Cir. Oct. 27, 2023) ....... passim

*United States v. Rodriguez*, 75 F.4th 1231 (11th Cir. 2023) ........... 7, 8, 9, 10

Statutes and Rules

18 U.S.C. § 922 ................................................................................................ 2

18 U.S.C. § 924 ................................................................................................ 2

18 U.S.C. § 3231 ............................................................................................. iv

18 U.S.C. § 3742 ............................................................................................. iv

21 U.S.C. § 841 ................................................................................................ 2

28 U.S.C. § 1291 ............................................................................................. iv

28 U.S.C. § 1294 ............................................................................................. iv

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is the direct appeal from a final criminal judgment in the United States District Court for the Middle District of Florida, Fort Myers Division, entered on July 25, 2022. (Doc. 58). The district court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231. Mr. Fleming timely filed his Notice of Appeal on July 26, 2022. (Doc. 60). This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. §§ 1291 and 1294.

## STATEMENT OF THE ISSUE

Whether the court erred by failing to notify Mr. Fleming of the standard conditions of supervised release by either expressly pronouncing the standard conditions or incorporating a document identifying the standard conditions by reference?

## STATEMENT OF THE CASE

a.  **Course of the Proceedings and Disposition in the Court Below**

On March 3, 2022, Mr. Fleming entered into a plea agreement with the Government. (Doc. 35).

Pursuant to the agreement, Mr. Fleming pled guilty to Counts 1 through 3, possession of a firearm by a convicted felon contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute methamphetamine, and possession with intent to distribute fentanyl, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (Doc. 35 at 1-2).

In exchange, the Government agreed to not file additional charges against Mr. Fleming related to the conduct at issue. (Doc. 35 at 3).

The agreement contained an appeal waiver. (Doc. 35 at 12-13).

The appeal waiver purports to waive "the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution …" (Doc. 35 at (12-13).

2

On March 10, 2022, Mr. Fleming pled guilty to Counts 1-3 pursuant to the agreement. (Doc. 66).

The initial Presentence Investigation Report calculated a Total Offense Level of 25 (after a three-point reduction for acceptance of responsibility) and Criminal History Category VI, for an advisory range of 110 to 137 months. (Doc. 49 at 8, 12, and 20).

After the change of plea and before sentencing, Mr. Fleming's counsel withdrew, and undersigned counsel was appointed. (Doc. 52). (Doc. 53).

Sentencing counsel moved for a variance, arguing that Mr. Fleming's criminal history category of VI overrepresented his true criminal history, and for that reason, as well as Mr. Fleming's tumultuous childhood and years of addiction, a sentence of 70 months followed by supervised release would be sufficient to achieve the purposes of 18 U.S.C. § 3553. (Doc. 55 at 3-4).

The court sentenced Mr. Fleming to 120 months followed by 24 months on the violation. (Doc. 58 at 2). (Doc. 67 at 21).

The written judgment includes three conditions of supervised release mandated by 18 U.S.C. § 3583(d), 13 standard conditions, and four special conditions. (Doc. 58 at 3-5).

This appeal followed. (Doc. 60). Mr. Fleming is currently incarcerated.

3

b.   **Pertinent Facts of the Change of Plea Hearing**

During the change of plea hearing, the Magistrate Judge advised Mr. Fleming that the maximum sentence for Count 1 was ten years and the maximum for Counts 2 and 3 were 20 years each. (Doc. 66 at 6-7).

Mr. Fleming indicated that he understood. (Doc. 66 at 7).

The Magistrate Judge advised Mr. Fleming that the District Judge could impose a sentence greater or lesser than the guidelines, and Mr. Fleming indicated that he understood that as well. (Doc. 66 at 9).

Regarding the plea agreement, the Magistrate Judge asked Mr. Fleming, "On Page 12 of your plea agreement you have a waiver of your right to appeal the sentence other than the three limited exceptions that are set out on Pages 12 and 13. So do you understand that, other than those three exceptions, you're waiving your right to appeal the sentence?" (Doc. 66 at 9).

Mr. Fleming responded, "Yes, sir." (Doc. 66 at 9).

Mr. Fleming represented that he read and understood the plea agreement, discussed it with his attorney before signing it, no one threatened of forced him to enter into the agreement, and that no promises had been made to him that were not contained in the plea agreement. (Doc. 66 at 5-6).

4

### c. Pertinent Facts of the Sentencing Hearing

At the July 21, 2022, sentencing, counsel raised no factual objections. (Doc. 67 at 8). Consistent with the motion for a variance, counsel argued that the reason the criminal history category of VI overrepresents Mr. Fleming's actual criminal history is because Mr. Fleming arrived at that category after two state court misdemeanor arrests and two state court felony arrests, and no more. (Doc. 67 at 12).

Accordingly, counsel argued that a criminal history category of III would more accurately represent Mr. Fleming's true criminal history, and with Mr. Fleming's authorization, counsel requested 70 months. (Doc. 67 at 12).

As to the violation of supervision, counsel argued that the terms should run concurrently. (Doc. 67 at 13).

Mr. Fleming addressed the court and accepted responsibility, apologized, and noted that he had been released from prison in 2020, during COVID-19 lockdown. (Doc. 67 at 14). Mr. Fleming asked for the opportunity to get home to his family as soon as possible because his poor decisions were impacting their lives as well. (Doc. 67 at 14).

Mr. Fleming pointed out to the court that he does not have a violent criminal history, but due to circumstances was having to live in unsafe

conditions upon his release, and that he acquired the firearm at issue for safety reasons. (Doc. 67 at 16).

"And moving forward, Your Honor, I'm going back to North Carolina with my mom. I have a girlfriend. I was moving to North Carolina at the end of this month. So my plan is not to come back to Fort Myers … I just want to get out and, you know, get into a positive environment …" (Doc. 67 at 17).

The court agreed with counsel that Mr. Fleming has a drug problem and his criminal history "really isn't as bad as it sounds in terms of the federal sentencing guidelines," yet sentenced Mr. Fleming to 120 months followed by 24 months for the violation of supervision. (Doc. 67 at 21).

The court addressed supervised release prior to imposition of the carceral portion of the sentence, and stated, "Pursuant to 18 U.S. Code Section 3551 and 3553, it's my judgment that the defendant, Herman Flemming, will be committed to the custody of the Bureau of Prisons for a term that I'll announce momentarily. Upon release, you have to serve three years of supervised release. This is three years as to Count 1 and 3, to run concurrently. While on supervised release you have to comply with the mandatory and standard conditions adopted in the Middle District of Florida." (Doc. 67 at 18-19).

6

The court then pronounced the special conditions of Mr. Fleming's supervision. (Doc. 67 at 19-20).

## STANDARD OF REVIEW

This Court reviews conditions of supervised release included for the first time in the written final judgment *de novo*. *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023). *United States v. Delgado*, 22-12315, 2023 WL 7104063, at *3 (11th Cir. Oct. 27, 2023).

## SUMMARY OF THE ARGUMENT

The written judgment imposes 13 standard conditions of supervision that the court did not orally pronounce at sentencing. (Doc. 58 at 4).

The court's statement at sentencing that, "[w]hile on supervised release you have to comply with the mandatory and standard conditions adopted in the Middle District of Florida," suggested the existence of a written list of standard conditions, but did not sufficiently reference the Middle District's Administrative Order 245B (or even the court's administrative orders at all), if that was what the court intended, and therefore fell short of in-court adoption of the Order 245B. (Doc. 67 at 19).

Because the court neither pronounced the discretionary conditions nor incorporated any specific written list of special conditions by reference, Mr. Fleming did not have notice or the opportunity to inquire about and challenge

7

the written judgment's 13 discretionary standard conditions of supervised release at sentencing. Accordingly, his due process rights were violated. *United States v. Rodriguez*, 75 F.4th 1231, 1248 (11th Cir. 2023).

## ARGUMENT

**The district court erred by imposing conditions of supervised release not included in Mr. Fleming's oral sentence.**

In *Delgado*, this Court recently addressed facts virtually identical to this case. "The written judgment contained nine '[s]tandard [c]onditions' that § 3583(d) does not impose, including 'meet[ing] family responsibilities and notifying the probation office of a change of residence at least ten days before any change of residence occurs.' These '[s]tandard [c]onditions' closely resemble the standing conditions for probation and supervised release that appear in the district court's Administrative Order No. 1988-06.4 But the district court did not expressly reference Order No. 1988-06 when it imposed its '[s]tandard' conditions." *United States v. Delgado*, 2023 WL 7104063 at *7.

Here, Mr. Fleming's written judgment imposes 13 standard conditions of supervision that the court did not orally pronounce at sentencing. (Doc. 58 at 4). Here, too, the 13 standard conditions in the written judgment are

identical to the 13 standard conditions in the Middle District's Administrative Order 245B.

In *Delgado*, unlike *Rodriguez*, the district court "…at least referenced 'standard conditions of supervised release' to which Delgado would be subject. But the district court did not refer to Order No. 1988-06 specifically or even its administrative orders generally. Its oral pronouncement fell short of 'in-court adoption' of Order No. 1988-06, *Rodriguez*, 75 F.4th at 1249. Nor did the court otherwise articulate the 'standard' conditions of supervised release imposed." *United States v. Delgado*, 2023 WL 7104063 at *8.

In the case at bar, the sentencing court likewise informed Mr. Fleming that "[w]hile on supervised release you have to comply with the mandatory and standard conditions adopted in the Middle District of Florida," without referring to Middle District Administrative Order 245B or otherwise articulating the standard conditions of supervised release imposed. (Doc. 67 at 19).

The mere existence of an administrative order recommending certain conditions of supervised release, without in-court adoption of that list by the sentencing court, fails to satisfy due process. *United States v. Rodriguez*, 75 F.4th at 1249.

9

The court failed to either orally pronounce the conditions of Mr. Fleming's supervised release or sufficiently orally adopt the conditions in Order 245B. "We hold that a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d). A district court may easily satisfy this requirement by referencing a written list of supervised release conditions. For instance, the court may orally adopt the conditions of supervised release recommended in the defendant's PSR or in a standing administrative order. By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them." *United States v. Rodriguez*, 75 F.4th at 1246. *United States v. Delgado*, 2023 WL 7104063 at *8.

When, as here, a district court imposes in a written sentence a discretionary condition that it did not announce at the sentencing hearing, the omission of such a condition violates principles of due process because the defendant was denied an opportunity to be heard on the discretionary condition. *United States v. Rodriguez*, 75 F.4th at 1248.

This Court must vacate the judgment and remand so the district court may enter an amended judgment and orally clarify the discretionary

conditions of supervised release, either by explicit reference to Order No. 245B, if that is what the court intended to impose, or by articulating the conditions individually. *United States v. Delgado*, 2023 WL 7104063 at *8.

## CONCLUSION

Mr. Fleming respectfully requests this Court vacate his sentence and remand so the district court may enter an amended judgment clarifying the discretionary conditions of supervised release.

    Respectfully submitted,

    S/ Landon P. Miller, Esq.
    Florida Bar No. 0032778
    Mangone & Miller Law Offices
    2335 Stanford Court, Suite 502
    Naples, FL 34112-4843
    239-774-4100
    Counsel for Appellant Herman Fleming

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), per Fed. R. App. P. 32(a)(7)(A), because this brief contains only 2,533 words total in Times New Roman 14 point proportional font inclusive of the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

    S/ Landon P. Miller, Esq.
    Counsel for Appellant Herman Fleming

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing was served on Assistant United States Attorney Sean Siekkinen via this Court's Electronic Case File System on this 20th day of December, 2023.

S/ Landon P. Miller, Esq.
Florida Bar No. 0032778
Mangone & Miller Law Offices
2335 Stanford Court, Suite 502
Naples, FL 34112-4843
239-774-4100
Counsel for Appellant Herman Fleming